UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEPHEN D.,[1] | : | Case No. 1:22-cv-378 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Stephen D. brings this case before the Court challenging the Social Security Administration's denial of his application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), Plaintiff's Reply (Doc. #12), and the administrative record (Doc. #8).

**I.      Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on July 15, 2019, alleging disability due to several impairments, including a herniated disc; neck problem; hand/wrist/arm problems; degenerative disc disease; nerve problems; cervical myelopathy; and a back problem. (Doc. #8-6, *PageID* #241). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Regina Sobrino. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since July 15, 2019, the application date.

Step 2: He has the severe impairments of degenerative cervical disc disease; degenerative lumbar disc disease; and arthropathy.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work… except occasional pushing, pulling, and hand operations with the left (nondominant) upper extremity; no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs and ramps, stooping, kneeling, and crouching; no crawling; frequent reaching in front and laterally with right upper extremity; occasional reaching in front and laterally with the left upper extremity; no overhead reaching bilaterally; frequent handling, occasional fingering, and occasional feeling with the left hand; no exposure to hazards such as unprotected elevations or dangerous moving machinery; no concentrated exposure to vibration; and no exposure to extremes of temperature."

> He is capable of performing his past relevant work as a catering manager as generally performed. This work does not require the performance of work-related activities precluded by his residual functional capacity.

(Doc. #8-2, *PageID* #s 49-58). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability since July 15, 2019, the date the application was filed. *Id.* at 58.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #8-2, *PageID* #s 47-58), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Reply (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.    Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination is unsupported by substantial evidence as she failed to properly evaluate the opinion of the consulting examiner, Jennifer Wischer Bailey, M.D. (Doc. #9, *PageID* #s 726-30). The Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. #11, *PageID #s* 737-46).

#### A. Medical Opinions

Since Plaintiff filed his application after March 27, 2017, it is governed by the relatively new regulations describing how evidence is categorized, considered, and articulated when an RFC is assessed. *See* 20 C.F.R. §§ 416.913(a), 416.920c (2017). A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A plaintiff's RFC assessment must be based on all the relevant evidence in his case file. *Id*. The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 416.920c(a). Instead, an ALJ must use the following factors when considering medical

opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 416.920c(c)(1)–(5).

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 416.920c(b)(2). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(2). An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so. 20 C.F.R. § 416.920c(b)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed.

Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

In December 2019, Dr. Bailey evaluated Plaintiff and authored an opinion on his physical functional limitations on behalf of the state agency. (Doc. #8-7, *PageID* #s 447-56). In her report, Dr. Bailey noted that Plaintiff reported primarily suffering from "[c]hronic neck pain" for the past three years related to an injury. *Id.* at 451. Plaintiff informed Dr. Bailey that he had fallen down a flight of stairs the year prior and had been in multiple motor vehicle accidents in the years preceding that, which resulted in herniated discs but no surgery. *Id.*

On examination, Dr. Bailey observed that Plaintiff ambulated with normal gait, was able to sit and stand comfortably, and wears a glove on his left hand. *Id.* at 452. She further noted that the cervical portion of the spine allowed movement within normal limits and that his muscle and grasp strength in his upper extremities were well-preserved. *Id.* At first, Dr. Bailey reported that there was "no evidence of muscle atrophy[,]" but she later indicated that he had "significant atrophy of the left upper arm." *Id.* She also observed that Plaintiff had "hyperreflexia of his bilateral upper extremities with one bead of clonus on the left." *Id.* Additionally, Dr. Bailey documented Plaintiff's "4/5 strength of the left arm and hand and dense numbness down the left arm and hand, diminished grip strength in the left hand and thenar atrophy and intrinsic muscular atrophy of the muscles of the left hand." *Id.* Plaintiff's lower extremities and right upper extremity were noted to have normal findings throughout. *Id.* at 452-53.

Plaintiff also underwent x-rays during his evaluation with Dr. Bailey. X-rays of his lumbar spine revealed "[m]ultilevel mild lumbar degenerative changes […] at the L3-L4, L4-L5, and L5-S1 levels." *Id.* at 455. Additionally, x-rays of Plaintiff's cervical spine showed "[c]ervical degenerative changes, most pronounced at the C6-C7 level." *Id.* at 456.

Following the examination, Dr. Bailey indicated that Plaintiff's exam was "consistent with cervical radiculopathy and myelopathy." *Id*. at 453. As a result, Dr. Bailey concluded that Plaintiff "appears capable of performing a mild amount of sitting, ambulating, standing." *Id*. at 454. Here, she noted that Plaintiff "report[ed] being able to walk and stand 30-45 minutes but does have numbness in the left leg which increases with prolonged ambulation." *Id*. Dr. Bailey also opined Plaintiff "would have significant difficulty reaching, grasping, and handling objects with the left hand[]" but that "[h]e has no difficulties on the right." *Id*. Finally she indicated that there was no need for limitations related to Plaintiff's visual, communication, or environmental limitations. *Id.*

After summarizing Dr. Bailey's opinion, the ALJ concluded that it was "not persuasive." (Doc. #8-2, *PageID* #56). In support of this finding, the ALJ simply stated that the lack of weight attributed to this opinion was due to the fact that it "was based on one examination and 'mild amount' and 'significant difficulty' are not defined in specific functional terms." *Id.* (citing 20 C.F.R. § 416.920c (a)-(d)).

As noted above, Plaintiff contends that the ALJ erred by not following the relatively new regulations regarding the assessment of medical opinions when evaluation Dr. Bailey's opinions. (Doc. #9, *PageID* #s 726-30). Specifically, he points out that the regulations require the ALJ to articulate her consideration of the supportability and consistency factors for each medical opinion

7

and that the ALJ failed to explain either of these factors in finding that Dr. Bailey's opinion was not persuasive. *Id*.

Plaintiff's argument is well taken. As an initial matter, the plain language of the regulation is unquestionably clear that an ALJ must "set forth a 'minimum level of articulation'" as to how she considered the supportability and consistency factors for a medical's source's opinion. *Warren I*, 2021 WL 860506, at *8; 20 C.F.R. § 416.920c(b) ("We *will* articulate in our determination or decision how persuasive we find all of the medical opinions ... in your case record[.]") (emphasis added); 20 C.F.R. § 416.920c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision.") (emphasis added). Indeed, while the regulations allow an ALJ flexibility as to whether she needs to discuss the other factors weighing on the persuasiveness of a medical opinion, they mandate that the ALJ set forth her rationale on what are deemed to be the two most important factors— supportability and consistency. *See id*.

In finding Dr. Bailey's opinion to not be persuasive, the ALJ failed to explain how she considered the factors of supportability and consistency in reaching this conclusion. As a result, it is unclear why she accepted certain findings and rejected others. Additionally, the Commissioner's *post hoc* rationalization of how the ALJ could have applied the factors to Dr. Bailey's medical opinion based on her earlier summary of Dr. Bailey's findings does not cure this deficiency. The regulations do not call for the reviewing court or the Commissioner to comb through the record after the ALJ has rendered her decision and "imagine manifold ways in which the factors could have been applied to the evidence that was presented." *Hardy v. Comm'r of Soc. Sec.*, No. 20-

10918, 2021 WL 3702170, at *6 (E.D. Mich. Aug. 13, 2021). Instead, it is the obligation of the ALJ "in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source." *Id*. As such, by not explaining how she considered the supportability and consistency factors when evaluating Dr. Bailey's medical opinion, the ALJ failed to mee the minimum levels of articulation required by the regulations, thus frustrating the Court's ability to determine whether Plaintiff's disability determination was supported by substantial evidence. *See Warren I*, 2021 WL 860506, at *8.

Additionally, one of the two justifications that the ALJ relied on to discredit Dr. Bailey's opinion was the fact that Dr. Bailey set forth her opined limitations using the terms of "mild amount" and "significant difficulty[,]" which the ALJ noted are "not defined in specific functional terms." (Doc. #8-2, *PageID* #56) (citing 20 C.F.R. § 416.920c (a)-(d)). Despite the ALJ's citation to the regulatory factors, "specific functional terms" is not a factor set forth by the applicable regulations. *See* 20 C.F.R. § 416.920c (a)-(d). Indeed, the applicable regulations state that a medical opinion is a "statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he] [has] one or more impairment-related limitations or restrictions in the abilities[,]" including the "ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)[.]" 20 C.F.R. §§ 416.913(a)(2), (a)(2)(i)(A). In this case, Dr. Bailey offered a medical opinion specifically addressing Plaintiff's ability to perform these functions. (*See* Doc. #8-7, *PageID* #454). Further, while it is true that an ALJ may discount an opinion for being vague, Dr.

9

Bailey's use of the terms "mild" and "significant" to characterize Plaintiff's physical limitations provide enough information on the degree of limitations that she believed Plaintiff to have that the ALJ could have translated these limitations into vocationally relevant terms instead of simply rejecting Dr. Bailey's medical opinion outright. In particular, Dr. Bailey's finding that Plaintiff "would have significant difficulty reaching, grasping, and handling objects with the left hand[]" would certainly merit more restrictive limitations than the "frequent handling" with the left hand limitation that the ALJ incorporated into Plaintiff's RFC. (*Compare* Doc. #8-7, *PageID* #454 *with* Doc. #8-2, *PageID* #50).

Accordingly, for all the above reasons, Plaintiff's Statement of Errors is well taken.

**B.** **Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."

*Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

     A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand of this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Supplemental Security Income should be granted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #9) is **GRANTED;**
2. The Commissioner's non-disability finding is **VACATED**;
3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

August 24, 2023                          *s/Peter B. Silvain, Jr.*
                                                                     Peter B. Silvain, Jr.
                                                                     United States Magistrate Judge